

JUL 1 2 2012

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

Malibu Media, LLC,
Plaintiff,
vs.

John Does 1-59,
Defendants.
_______________________/

Docket No. 1:12-cv-00888

MOTION TO QUASH, SEVER, DISMISS SUBPOENA

**MOTION TO QUASH OR MODIFY SUBPOENA**

Pursuant to the Court's Order entered June 1, 2012, *pro se* Defendant John Doe No. 8 respectfully moves for an order to quash, sever, dismiss, and/or to proceed anonymously.

The Plaintiff's clear litigation strategy is to obtain large settlements based on threats that the defendants will be irreparably harmed if their identities are made public, and that they will be in financial strain for hiring an Attorney to fight the accusations instead of paying a settlement demand whether guilty or innocent. The Plaintiff cannot proceed with their strategic shake-down without personal information of each defendant. In attaining the personal information of each defendant the Plaintiff will have succeeded in "gaming the system" by obtaining through court procedure what they have not been entitled to obtain. Through issuance of a subpoena they are able to force the defendants' Internet Service Provider to release personal information of their customers, which is otherwise confidential.

The Plaintiff is **not** focused on obtaining the identity of the offender, but rather anyone that would agree to a settlement out of fear. The defendants will be identified by the

Public IP Address only because they are the account holder. However, a Public IP Address is not equivalent to a person or entity. It is far from being fingerprint or DNA evidence.

Here is a direct quote by Judge Otis D. Wright II on a Court Order involving Malibu Media LLC. on Case No. 2:12-cv-3623-ODW(PJWx) that reiterates my argument:

> "Although the Court is inclined to allow Malibu to conduct this discovery, the potential for abuse is very high. The infringed work is a pornographic film. To save himself from embarrassment, even if he is not the infringer, the subscriber will very likely pay the settlement price. And if the subscriber is a business, it will likely pay the settlement to save itself from the hassle and cost of complying with discovery — even though one of its customers or employees is the actual infringer."

Here Judge Otis D. Wright II adds to his Court Order before finalizing that John Does 2-10 shall be severed from the subpoena in Case No. 2:12-cv-3623-ODW(PJWx).

> "The Court is familiar with lawsuits like this one. *AF Holdings LLC v. Does 1-1058,* No. 1:12-cv-48(BAH) (D.D.C. filed January 11, 2012); *Discount Video Center,Inc. v. Does 1-5041,* No. C11-2694CW(PSG) (N.D. Cal. filed June 3, 2011); *K-Beech,Inc. v. John Does 1-85,* No. 3:11-cv-469-JAG (E.D. Va. filed July 21, 2011). These lawsuits run a common theme: plaintiff owns a copyright to a pornographic movie; plaintiff sues numerous John Does in a single action for using BitTorrent to pirate the movie; plaintiff subpoenas the ISPs to obtain the identities of these Does; if successful, plaintiff will send out demand letters to the Does; because of embarrassment, many Does will send back a nuisance-value check to the plaintiff. The cost to the plaintiff: a single filing fee, a bit of discovery, and stamps. The rewards: potentially hundreds of thousands of dollars.

Rarely do these cases reach the merits. The federal courts are not cogs in a plaintiff's copyright-enforcement business model. The Court will not idly watch what is **essentially an extortion scheme**, for a case that plaintiff has no intention of bringing to trial. By requiring Malibu to file separate lawsuits for each of the Doe Defendants, Malibu will have to expend additional resources to obtain a nuisance-value settlement — making this type of litigation less profitable. If Malibu desires to vindicate its copyright rights, it must do it the old-fashioned way and earn it."

John Doe No. 8 has declared that he did not commit the acts alleged by the Plaintiff. If his identity is disclosed in this litigation, he will forever linked to an embarrassing, and untrue allegation. In this age of Google it is near impossible to clear one's name. The Plaintiffs allegation against John Doe No. 8 will easily be found by family, friends, creditors, and employers few of whom will understand that the case was dismissed or he was found innocent. There are numerous times where it did not matter or it was too late to be found out that the case was dismissed, or that the defendant was found innocent, as the damage or loss has already taken place. Disclosure of John Doe No. 8's identity to the Plaintiff will result in threatening letters or phone calls. Having to choose between these consequences and paying the Plaintiffs large settlement demand is a steep price to pay for being tied to the Public IP Address because he is the Account Holder with the ISP.

For reasons stated above, John Doe No. 8 respectfully requests that this Motion be granted.

John Doe No. 8
*Pro se*
July 12, 2012