

**FILED**

JUL **2 0** 2012

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

**IMPORTANT**

**\*\*This Is a Legal Document and Requires Attention Today\*\***

COMCAST FILE#: 388515

IP Address: 98.238.194.17

Doe No. 35

DATED: 07/19/2012

URGENT: This is a notice that DOE No. 35 has filed a motion to
quash case:

*Malibu Media, LLC v. John Does 1-59*

United States District Court for the Eastern District of California

Docket No: 1:12-cv-00888

Order Entered: June 1, 2012

Comcast File #: 388515

As of July 19, 2012.

Doe No. 35, IP Address: 98.238.194.17

JohnDoeVSMM@yahoo.com



**RECEIVED**

JUL **2 0** 2012

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

DOE No. 35
IP Address #:
98.238.194.17
JohnDoeVSMM@yahoo.com

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF

## CALIFORNIA

Malibu Media, LLC,

  Plaintiff,

     vs.

DOE 1-59,

  Defendant

) Case No.: 1:12-cv-00888
)
) MOTION TO QUASH SUBPOENA
)
) SERVED UPON CUSTODIAN OF
)
) RECORDS, COMCAST
)
)
)

1. DOE No. 35 is filing this motion to Quash Subpoena,
Pursuant to Fed. R. Civ. P. 45(c)(3)(A). The Subpoena being
served requires the disclosure of protected information and
holds DOE No. 35 to Undue Burden.  The subpoena additionally
requests information in which the Plaintiff is unable to link
DOE No. 35 to the alleged activity.

2. The Plaintiff's suit has been filed in the Eastern
District Court of California (C.A. No. 1:12-CV-00888) against
a large number of DOE defendants who are identified only by
their internet protocol (IP) addresses. The Plaintiff's
Amended complaint states that these unnamed DOE defendants are
in violation of Plaintiff's copyrights by having allegedly
obtained an adult video.

3. The home internet service provider (ISP) Comcast is a
company that provides internet to its customers. DOE No. 35 is

-1-

1

2

3

4

5

6

7

8

9

one of those customers and a resident of the City of Chico, California. Information and belief shows Plaintiff Malibu Media to be an adult entertainment and related content producer of film. In this case, the Plaintiff has served the Custodian of records, Comcast, with a subpoena that compels the company to disclose documents which include protected personal information concerning DOE No. 35. These Documents contain the name, address, e-mail address, and telephone number of DOE No. 35. The Plaintiff seeks to name DOE No. 35 as a defendant in their Copyright infringement action.

10

11

12

13

14

15

16

17

4.     DOE No. 35 has standing to move to quash on the grounds that the subpoena require Comcast to disclose the personal and protected identification information of DOE No. 35. The defendant has both personal and proprietary interests over the confidentiality of this information. Additionally, the defendant has standing to move to quash to protect reputational interests portrayed by such allegations. FED. R. CIV.P.45(c)(3)(B) allows a person affected by, but not subject to, a subpoena to move to squash the subpoena.

18

19

20

21

22

23

24

25

26

27

5.     Ex Parte applications were filed for "early discovery" so that subpoenas could be served from the Plaintiff, to the ISPs. Under this subpoena, the ISPs customer's confidential information which includes names, addresses, and e-mail addresses that are associated with only the internet subscribers IP address shall be released to the Plaintiff. Magistrate Judge Dennis Beck of the Eastern District of California entered the order, permitting service of subpoenas on ISPs and also set a schedule for filing motions to quash by the DOEs. This motion to Quash has been filed timely as Comcast notified DOE No. 35 of the subpoena on June 26, 2012.

28

-2-

6.      The discovery and link back to a subscribers' IP address
is no more than a link to a general area in which a
subscribers' internet signal is sent out into the public and
beyond. An IP address is not an entity, nor does it qualify as
being the equivalent of a person. It does not hold a
fingerprint or DNA evidence of any persons that connect to it.
A similar case involving a "Mass" DOE lawsuit in which a
pornography studio sought to sue nearly 80 people was thrown
out just recently. Magistrate Judge Gary Brown of U.S.
District Court for the Eastern District of New York said this:

>       "The assumption that the person who pays for
>       Internet access at a given location is the
>       same individual who allegedly downloaded a
>       single sexually explicit film is tenuous, and
>       on that has grown more so over time. An IP
>       address provides only a location at which one
>       of any number of computer devices may be deployed,
>       much like a telephone number can be used for
>       any number of telephones. Thus, it is no more
>       likely that the subscriber to an IP address
>       carried out a particular computer function –
>       here the purported illegal downloading of a
>       single pornographic film – than to say an
>       individual who pays the telephone bill made a
>       specific telephone call." K-Beech, Inc. V. John
>       Does 1-37, No. 2:11-cv-03995 Eastern District Of
>       New York.

DOE No. 35 lives in a two story structure which is subdivided
into many different sleeping rooms. It is located in a closely
knit compound with internet access located on the first floor,

-3-

in a common lounge area of the resident's building. Not only is the internet readily accessible to house residents and guests, but also to neighbors and passerby's. Anyone with wireless capabilities can connect through a person's IP address from a long range of distance as explained here:

> In order to allow multiple computers to access the internet under the same IP address, the cable modem may be connected to a router, or may itself function as a router, which serves as a gateway through which multiple computers could access the internet at the same time under the same IP address. The router could be a wireless device in which case, computers located within 300 feet of the wireless router signal could access the internet through the router and modem under the same IP address. The wireless router signal strength could be increased beyond 600 feet if additional devices are added. The only way to prevent sharing of the wireless router is to encrypt the signal and even then an individual can bypass this security using publicly available software. See "What is an IP address?" available at:
> computer.howstuffworks.com/internet/basics/question549.htm

Given the extent that a person(s) can connect or have connected to this network brings little reason to the Plaintiff's blame that the individual DOE No. 35 was for certain the person responsible for the alleged violation, as they seek to prove. United States District Judge Harold Baker of the Central District of Illinois finds that, "IP subscribers are not necessarily copyright infringers… The

-4-

1

2

3

4

5

6

7

8

9

10

infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment."(3)Order of Apr. 29, 2011, VPR Internationale v. DOES 1-1017, No. 2:11-cv-02068 (Central District of Illinois) (Judge Harold A. Baker) [hereinafter VPR Internationale Order]. These allegations bring risk to the Defendant's reputation. Public exposure of the alleged associations and accusation presented by and with Malibu Media can cause reputational injury to this young professional -even if later disproven- and therefore presents itself as an undue burden to DOE No. 35 under FED.R.CIV.P.45(c)(3)(A)(iv).

11

12

13

14

15

16

17

18

19

7.    Such allegations as these can be brought upon anyone who subscribes to the internet and has an IP address. Subscribers such as DOE No. 35 are being linked to copyright infringement and are at risk of facing reputational injury. A similar case explains the risks and why they are found to be an undue burden as equally seen here: "[W]hether you're guilty or not, you look like a suspect."[3] Other risks involving extortion can also be related to this similar case as Judge Baker describes here:

20

21

22

23

24

25

"Could expedited discovery be used to wrest quick settlements, even from people who have done nothing wrong? The embarrassment of public exposure might be too great, the legal system too daunting and expensive, for some to ask whether VPR has competent evidence to prove its case."[3]

26

27

28

Similarly, DOE No. 35 is at risk of facing Embarrassment, harassment, and great reputational injury. The discovery

-5-

Case: 1:12-cv-00888 Document#1. Filed 07/18/12

methods used are harmful and illegitimate to the rights as DOE
No. 35 understands them.

8.    FOR THESE REASONS, DOE No. 35 requests that this Court
quash the subpoena served on Comcast in this matter.

DATED: July 18, 2012      Respectfully submitted,



By: John Doe 35

DOE No. 35
IP Address #:
98.238.194.17
JohnDoeVSMM@yahoo.com

-6-

## CERTIFICATE OF SERVICE

This is to certify that a true, correct and complete copy of the foreging Motion to Quash Subpoena was served via First Class Mail, postage pre-paid and Electronic Mail, addressed to Plaintiff's counsel of record as follows:

Leemore Kushner, Esq.
Kushner Law Group
801 N. Citrus Avenue
Los Angeles, CA 90038
Tel: (323) 515-7894

This 19th day of July, 2012

Joh2dbs 35

DOE No. 35

JohnDoeVSMM@yahoo.com

-7-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MALIBU MEDIA, LLC, a California limited liability company, | Case No. 1:12-cv-00888-AWI-DLB |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S _EX PARTE_ APPLICATION FOR LEAVE TO SERVE THIRD PARTY SUBPOENAS PRIOR TO A RULE 26(f) CONFERENCE** |
| v. | |
| JOHN DOES 1 through 59, | |
| Defendants. | |

[Proposed] Order Granting Plaintiff's _Ex Parte_ Application for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference

1    **THIS CAUSE** came before the Court upon Plaintiff's *Ex Parte* Application
2 for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference (the
3 "Motion"), and the Court being duly advised in the premises does hereby:

4    **FIND, ORDER AND ADJUDGE:**

5    1.    Plaintiff Malibu Media, LLC, is the registered owner of the copyrights
6 to the motion picture titled "Lunchtime Fantasy."

7    2.    Plaintiff filed a complaint against Doe defendants alleging direct
8 copyright infringement and contributory copyright infringement.  Compl. ¶¶ 45-61.

9    3.    The Cable Privacy Act generally prohibits cable operators from
10 disclosing personally identifiable information regarding subscribers without either
11 (1) the prior written or electronic consent of the subscriber; or (2) a court order,
12 provided the cable operator provides the subscriber with notice of the disclosure.  47
13 U.S.C. § 551(c)(1),(c)(2)(B).   A cable operator is defined as "any person or group
14 of persons (A) who provides cable service over a cable system and directly or
15 through one or more affiliates owns a significant interest in such cable system, or
16 (B) who otherwise controls or is responsible for, through any arrangement, the
17 management and operation of such a cable system."   47 U.S.C. § 522(5).
18 Accordingly, Plaintiff seeks a court order instructing Charter Communications,
19 Comcast Cable, SBC Internet Services, and SureWest Broadband to produce
20 documents and information sufficient to identify the users of the IP addresses.  A
21 chart of the Internet Protocol Addresses and corresponding Internet Service
22 Providers is below:

23

| | | |
|---|---|---|
| 1 | 68.116.88.200 | Charter Communications |
| 2 | 68.185.67.16 | Charter Communications |
| 3 | 68.189.8.20 | Charter Communications |
| 4 | 75.140.112.147 | Charter Communications |
| 5 | 174.50.136.126 | Comcast Cable |

24
25
26
27

1

28    [Proposed] Order Granting Plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f)
Conference

| 6 | 24.10.43.103 | Comcast Cable |
|---|---|---|
| 7 | 24.10.50.100 | Comcast Cable |
| 8 | 24.10.56.84 | Comcast Cable |
| 9 | 24.10.77.188 | Comcast Cable |
| 10 | 24.23.24.132 | Comcast Cable |
| 11 | 24.23.41.227 | Comcast Cable |
| 12 | 24.23.61.115 | Comcast Cable |
| 13 | 24.7.130.65 | Comcast Cable |
| 14 | 24.7.173.114 | Comcast Cable |
| 15 | 67.181.130.173 | Comcast Cable |
| 16 | 67.181.238.129 | Comcast Cable |
| 17 | 67.182.0.234 | Comcast Cable |
| 18 | 67.187.137.74 | Comcast Cable |
| 19 | 67.187.170.69 | Comcast Cable |
| 20 | 71.195.115.53 | Comcast Cable |
| 21 | 76.105.15.50 | Comcast Cable |
| 22 | 76.105.16.65 | Comcast Cable |
| 23 | 76.105.25.78 | Comcast Cable |
| 24 | 76.20.34.18 | Comcast Cable |
| 25 | 76.20.59.114 | Comcast Cable |
| 26 | 76.20.59.60 | Comcast Cable |
| 27 | 98.192.165.145 | Comcast Cable |
| 28 | 98.208.122.239 | Comcast Cable |
| 29 | 98.224.105.95 | Comcast Cable |
| 30 | 98.224.108.132 | Comcast Cable |
| 31 | 98.224.114.117 | Comcast Cable |
| 32 | 98.224.125.211 | Comcast Cable |
| 33 | 98.224.76.247 | Comcast Cable |
| 34 | 98.224.92.39 | Comcast Cable |
| 35 | 98.238.194.17 | Comcast Cable |
| 36 | 98.238.217.189 | Comcast Cable |
| 37 | 98.239.112.250 | Comcast Cable |
| 38 | 98.242.10.200 | Comcast Cable |
| 39 | 98.242.42.184 | Comcast Cable |
| 40 | 98.242.6.73 | Comcast Cable |
| 41 | 98.242.60.99 | Comcast Cable |
| 42 | 98.255.4.193 | Comcast Cable |
| 43 | 98.255.78.154 | Comcast Cable |
| 44 | 108.195.189.74 | SBC Internet Services |

2

[Proposed] Order Granting Plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference

| 45 | 108.201.86.78 | SBC Internet Services |
|----|---------------|------------------------|
| 46 | 108.213.76.52 | SBC Internet Services |
| 47 | 108.226.194.130 | SBC Internet Services |
| 48 | 108.236.152.170 | SBC Internet Services |
| 49 | 108.237.245.187 | SBC Internet Services |
| 50 | 108.83.173.54 | SBC Internet Services |
| 51 | 75.26.21.74 | SBC Internet Services |
| 52 | 75.48.0.13 | SBC Internet Services |
| 53 | 75.53.169.194 | SBC Internet Services |
| 54 | 76.232.111.83 | SBC Internet Services |
| 55 | 76.234.74.102 | SBC Internet Services |
| 56 | 76.234.74.43 | SBC Internet Services |
| 57 | 76.244.83.33 | SBC Internet Services |
| 58 | 99.110.80.190 | SBC Internet Services |
| 59 | 64.113.100.126 | SureWest Broadband |

4.   Consistent with the vast majority of district courts in this Circuit to consider the issue, the undersigned finds that good cause supports permitting plaintiff to conduct limited early discovery in order to discover the identities of the Doe defendants. First, Plaintiff has only named Doe Defendants in this action, has declared through its counsel that the identities of the Doe Defendants are unknown to Plaintiff at this time, and has credibly declared through its counsel that Plaintiff cannot serve the Complaint until it conducts discovery into the identities of the persons associated with the IP addresses in Exhibit A to Plaintiff's counsel's declaration.   See Declaration of Leemore Kushner ("Kushner Decl.") at ¶¶ 3-4. Second, Plaintiff plainly cannot conduct a Rule 26(f) conference without knowing the names and contact information of the Doe defendants. Kushner Decl. at ¶ 3. Third, Plaintiff's representations presently support that each IP address is associated with a particular individual and that the discovery sought will facilitate identification of the defendants and service of process. Kushner Decl. at ¶ 4. The Court also finds that the ISPs will not suffer any material prejudice by being served with Rule 45 subpoenas that require the ISPs to provide the names and contact

3

1  information of some of its customers. Plaintiff's discovery is limited in terms of the
2  type of information sought.

3        5.      Courts in the Ninth Circuit have considered four factors derived from
4  Columbia Ins. Co. v. Seescandy.com, 185 F.R.D. 573 (N.D.Cal. 1999), in evaluating
5  motions for permission to conduct early discovery in cases such as this one,
6  "whether the plaintiff: (1) identifies the Doe Defendant with sufficient specificity
7  that the court can determine that the defendant is a real person who can be sued in
8  federal court, (2) recounts the steps taken to locate and identify the defendant, (3)
9  demonstrates that the action can withstand a motion to dismiss, and (4) proves that
10 the discovery is likely to lead to identifying information that will permit service of
11 process."    See MCGIP, LLC v. Does 1-49, 2011 WL 3607666 at *2 (citing
12 Columbia Ins. Co., 185 F.R.D. at 578-80).

13       A.      Identification of Defendants: Plaintiff provides the Court with the
14 unique IP addresses and names of the ISPs that provided internet access for the users
15 of the identified IP addresses.   IPP Limited, Plaintiff's investigator, allegedly
16 recorded each IP address assigned to the defendants by the ISP, sending it a piece of
17 plaintiff's copyrighted work in violation of plaintiff's exclusive distribution right
18 under 17 U.S.C. §106.  The requested discovery will provide the true names and
19 addresses of the individuals Plaintiff alleged performed the infringing acts.  Plaintiff
20 has alleged and Plaintiff's counsel has declared that, the ISP has the ability to
21 correlate the IP Address used to commit the infringement to the subscriber of
22 internet service, who Plaintiff alleged committed the infringement.  See Kushner
23 Decl. at ¶ 5.  The court finds that plaintiff has sufficiently identified each John Doe
24 defendant such that the court can determine that the defendants are real persons or
25 entities who may be sued in federal court.

26

27

28

4

1      B.    Previous Steps Taken to Locate Defendants: Plaintiff has identified the
2 Doe defendants' IP addresses and ISPs. Because the transactions at issue occurred
3 entirely online, the IP addresses and ISPs are the defendants' only available
4 identifying information. Without discovery, there are no other measures Plaintiff
5 can take to identify the Doe defendants or obtain their personal information. The
6 Court therefore finds that Plaintiff has made a good faith effort to comply with the
7 requirements of service of process and specifically identify defendants. See
8 Columbia Ins. Co., 185 F.R.D. at 579.

9      C.    The Action can Withstand a Motion to Dismiss: "[A] plaintiff who
10 claims copyright infringement must show: (1) ownership of a valid copyright; and
11 (2) that the defendant violated the copyright owner's exclusive rights under the
12 Copyright Act." Ellison v. Robertson, 357 F.3d 1072, 1076 (9th
13 Cir.2004) (citing 17 U.S.C. § 501(a) (2003); Ets–Hokin v. Skyy Spirits, Inc., 225
14 F.3d 1068, 1073 (9th Cir.2000)). To prove a claim of direct copyright infringement,
15 "a plaintiff must show that he owns the copyright and that the defendant himself
16 violated one or more of the plaintiff's exclusive rights under the Copyright Act,"
17 whereas "[o]ne who, with knowledge of the infringing activity, induces, causes or
18 materially contributes to the infringing conduct of *another* may be liable as a
19 'contributory' [copyright] infringer. Id. (alteration in original) (citation omitted).
20 The Ninth Circuit has "interpreted the knowledge requirement for contributory
21 copyright infringement to include both those with *actual knowledge* and those
22 who *have reason to know* of direct infringement." Id. (alteration in original)
23 (citation omitted). Plaintiff alleges that it is the owner, and holds the copyright
24 registration certificate, of a motion picture that Defendants copied and publicly
25 distributed without authorization. Plaintiff alleges that the Defendants knew or
26 should have known that other BitTorrent users in a swarm with it, here the other
27

5

28    

1 Defendants, were directly infringing Plaintiff's copyrighted Work by copying
2 constituent elements of the registered Work that are original and each Defendant
3 directly participated in and therefore materially contributed to each other
4 Defendant's infringing activities. Compl. ¶¶ 57-59. Accordingly, Plaintiff has
5 alleged the prima facie elements of both direct and contributory copyright
6 infringement and could withstand a motion to dismiss these claims. See Columbia
7 Ins. Co., 185 F.R.D. at 579–80. In this case, Malibu Media, LLC, has alleged
8 sufficient facts to withstand a motion to dismiss on its claim asserted in this lawsuit.

9          i.     Joinder: Consistent with the overwhelming majority of Courts to
10 consider the issue, prior to the identification of the Doe Defendants, this Court finds
11 joinder is proper. This finding is made without prejudice to the Defendant's ability
12 to raise the issue after the disclosure of the Doe Defendants' identities. (See Liberty
13 Media Holdings, LLC v. Does 1-62, 2011 WL 1869923 (S.D. Cal. 2011);
14 OpenMind Solutions, Inc. v. Does 1-39, 2011 WL 4715200 (N.D. Cal. 2011)).

15     D.     Reasonable Likelihood that Discovery will Lead to Identification: The
16 fourth factor examines whether Plaintiff has demonstrated that there is a reasonable
17 likelihood that the discovery it requests will lead to the identification of Defendants
18 such that it may effect service of process. Columbia Ins. Co., 185 F.R.D. at 580. As
19 indicated above, Plaintiff contends that the key to locating Defendants is through the
20 IP addresses associated with the alleged activity on BitTorrent. Specifically,
21 Plaintiff contends that because ISPs assign a unique IP address to each subscriber
22 and retain subscriber activity records regarding the IP addresses assigned, the
23 information sought in the subpoena will enable Plaintiff to serve Defendants and
24 proceed with this case. Taking this into account, the Court finds that Plaintiff has
25 made a sufficient showing as to this factor.

26     6.     For Good Cause shown, It Is Hereby Ordered that:

27

28          6

[Proposed] Order Granting Plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference

1       (A)   Plaintiff Malibu Media, LLC, may serve subpoenas, pursuant
2 to Fed.R.Civ.P. 45, on Charter Communications, Comcast Cable, SBC Internet
3 Services, and SureWest Broadband that seek information sufficient to identify the
4 Defendants, including their names, current addresses, telephone numbers and e-mail
5 addresses;

6       (B)   Plaintiff Malibu Media, LLC may only use the information disclosed
7 for the sole purpose of protecting its rights in pursuing this litigation;

8       (C)   Within thirty (30) calendar days after service of the subpoenas, Charter
9 Communications, Comcast Cable, SBC Internet Services, and SureWest Broadband
10 shall notify the subscribers that their identities are sought by Malibu Media, LLC
11 and shall deliver a copy of this order to them;

12       Charter Communications, Comcast Cable, SBC Internet Services, and
13 SureWest Broadband shall not require plaintiff to pay a fee in advance of providing
14 the subpoenaed information; nor shall Charter Communications, Comcast Cable,
15 SBC Internet Services, and SureWest Broadband require plaintiff to pay a fee for an
16 IP address that is not controlled by it, or for duplicate IP addresses that resolve to
17 the same individual, or for an IP address that does not provide the name of a unique
18 individual, or for their internal costs to notify its customers. If necessary, the Court
19 shall resolve any disputes between Charter Communications, Comcast Cable, SBC
20 Internet Services, and SureWest Broadband and Plaintiff regarding the
21 reasonableness of the amount proposed to be charged by Charter Communications,
22 Comcast Cable, SBC Internet Services, and SureWest Broadband after the
23 subpoenaed information is provided to plaintiff.

24

25 IT IS SO ORDERED.

26    Dated:  __June 1, 2012__           ___/s/ Dennis L. Beck__
27                                UNITED STATES MAGISTRATE JUDGE

28

7

[Proposed] Order Granting Plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

8

[Proposed] Order Granting Plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**
**(1) *Avoiding Undue Burden or Expense;
Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
**(2) *Command to Produce Materials or Permit Inspection.***
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
**(3) *Quashing or Modifying a Subpoena.***
(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it

requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.
**(d) Duties in Responding to a Subpoena.**
**(1) *Producing Documents or Electronically Stored Information.***
These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
**(2) *Claiming Privilege or Protection.***
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is

privileged or subject to protection as trial preparation material must: (i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the District of New Jersey

| Malibu Media, LLC, | Civil Action No. **1:12-cv-00888-AWI-DLB** |
|---|---|
| *Plaintiff* | |
| v. | UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA |
| John Does 1 - 59, | |
| *Defendants.* | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Comcast Cable
Legal Response Center
650 Centerton Road
Moorestown, NJ 08057
Via Facsimile: (866) 947-5587

[X] *Production*: YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

Please produce documents identifying the name, address, and telephone number of the defendant John Does listed in the below chart:

| Doe# | IP Address | Date/Time UTC |
|---|---|---|
| 5 | 174.50.136.126 | 3/19/2012 21:21 |
| 6 | 24.10.43.103 | 5/4/2012 22:03 |
| 7 | 24.10.50.100 | 4/30/2012 6:02 |
| 8 | 24.10.56.84 | 5/15/2012 22:23 |
| 9 | 24.10.77.188 | 4/5/2012 18:22 |
| 10 | 24.23.24.132 | 5/8/2012 1:44 |
| 11 | 24.23.41.227 | 3/20/2012 3:08 |
| 12 | 24.23.61.115 | 5/4/2012 23:01 |

| 13 | 24.7.130.65 | 5/17/2012 10:13 |
|----|-------------|------------------|
| 14 | 24.7.173.114 | 4/25/2012 6:34 |
| 15 | 67.181.130.173 | 3/31/2012 1:21 |
| 16 | 67.181.238.129 | 3/20/2012 18:25 |
| 17 | 67.182.0.234 | 5/9/2012 6:55 |
| 18 | 67.187.137.74 | 5/16/2012 16:13 |
| 19 | 67.187.170.69 | 4/11/2012 17:21 |
| 20 | 71.195.115.53 | 3/23/2012 21:50 |
| 21 | 76.105.15.50 | 5/17/2012 19:32 |
| 22 | 76.105.16.65 | 5/8/2012 7:09 |
| 23 | 76.105.25.78 | 3/30/2012 11:18 |
| 24 | 76.20.34.18 | 5/16/2012 6:06 |
| 25 | 76.20.59.114 | 5/21/2012 15:11 |
| 26 | 76.20.59.60 | 5/6/2012 17:07 |
| 27 | 98.192.165.145 | 4/16/2012 20:30 |
| 28 | 98.208.122.239 | 4/23/2012 10:52 |
| 29 | 98.224.105.95 | 3/21/2012 17:23 |
| 30 | 98.224.108.132 | 3/19/2012 20:05 |
| 31 | 98.224.114.117 | 5/18/2012 6:51 |
| 32 | 98.224.125.211 | 3/31/2012 22:02 |
| 33 | 98.224.76.247 | 4/1/2012 7:43 |
| 34 | 98.224.92.39 | 4/7/2012 15:53 |
| 35 | 98.238.194.17 | 4/12/2012 18:17 |

| | | |
|---|---|---|
| 36 | 98.238.217.189 | 4/23/2012<br>0:20 |
| 37 | 98.239.112.250 | 3/23/2012<br>18:51 |
| 38 | 98.242.10.200 | 4/12/2012<br>7:22 |
| 39 | 98.242.42.184 | 3/19/2012<br>18:33 |
| 40 | 98.242.6.73 | 3/22/2012<br>12:36 |
| 41 | 98.242.60.99 | 4/3/2012<br>0:26 |
| 42 | 98.255.4.193 | 3/23/2012<br>8:08 |
| 43 | 98.255.78.154 | 3/29/2012<br>22:46 |

| Place: Leemore Kushner, Esq.<br>Kushner Law Group<br>801 N. Citrus Avenue<br>Los Angeles, CA 90038<br>Tel: (323) 515-7894 | Date and Time:<br>July 19, 2012 @ 9:00 a.m. |
|---|---|

[ ] *Inspection of Premises*: YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: June 4, 2012
    *CLERK OF COURT*

                                    OR

    _____      _____
    *Signature of Clerk or Deputy Clerk*       *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing Plaintiff, who issues or requests this subpoena, are: