Leemore Kushner (SBN 221969)
KUSHNER LAW GROUP
801 North Citrus Avenue
Los Angeles, California 90038
Telephone: (323) 515-7894
Facsimile: (323) 544-8170
Email: lkushner@kushnerlawgroup.com

Attorneys for Plaintiff Malibu Media, LLC

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIBU MEDIA, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOES 1 through 59,<br><br>Defendants. | Case No. 1:12-cv-00888-AWI-DLB<br><br>**PLAINTIFF'S OPPOSITION TO DOE 8'S MOTION TO QUASH, SEVER, DISMISS SUBPOENA**<br><br>Date: September 21, 2012<br>Time: 9:00 a.m.<br>Place: Ctrm 9 |

## I.  INTRODUCTION

Without any factual support whatsoever, Defendant John Doe 8 contends that Plaintiff's suit is an attempt to "shake-down" the Doe defendants.  Doe 8's attempt to cast Plaintiff in a negative light because of Plaintiff's effort to protect its copyright through this and other similar lawsuits is nothing more than an attempt to divert attention from his or her digital theft.  This argument has no basis in law, fact, or equity, and should be disregarded. As stated by one court:

> "To the extent that it is independent, the Court notes that while Defendant claims that this suit was brought only to scare up settlements [Citation], Defendant has offered no case-specific facts supporting this claim. Rather, Defendant relies on the conduct of adult-film companies in other cases. *This guilt-by-association argument does not justify quashing the subpoena that this Plaintiff, Third Degree Films, served on Defendant's ISP* pursuant to an Order entered by Judge Murphy allowing this discovery."

*Third Degree Films v. Does 1-36,* 2012 WL 2522151 (E.D.Mich. May 29, 2012) (emphasis added) (denying defendant's request for protective order permitting anonymous participation in the lawsuit); *see also, AF Holdings, LLC v. Does 1-162*, 2012 WL 488217 (S.D.Fla. Feb. 14, 2012) ("It is inappropriate for this Doe Defendant to hurl unsubstantiated personal attacks at the Plaintiff from behind a shroud of anonymity.").

The fact that Plaintiff has brought so many suits is not an indication that Plaintiff is misusing the legal process; rather, it is indicative of the rampant infringement occurring throughout the country.  Plaintiff's motivation for bringing these suits is simple: to hold infringers like Doe 8 liable for their outright and continued theft.  Indeed, at this stage of the litigation, Plaintiff has no option but to file suit against the owners of IP addresses to obtain the infringers' identities.  To quash Plaintiff's subpoena pursuant to the instant motion would effectively leave

Plaintiff with no recourse against the mass copyright infringement it suffers on a daily basis.  Any such holding is contrary to existing law and the express policy of Congress.  In 1999, Congress intentionally amended the Copyright Act to deter individuals from online infringement by increasing statutory remedies:

> Congress did contemplate that suits like this [against individuals] were within the Act. Congress last amended the Copyright Act in 1999 *to increase the minimum and maximum awards available under § 504(c)*. *See* Digital Theft Deterrence and Copyright Damages Improvement Act of 1999, Pub. L. No. 106-160, 113 Stat. 1774. At the time, Congress specifically acknowledged that *consumer-based, noncommercial use of copyrighted materials constituted actionable copyright infringement*. Congress found that 'copyright piracy of intellectual property flourishes, assisted in large part by today's world of advanced technologies,' and cautioned that 'the potential for this problem to worsen is great.'

*Sony v. Tenenbaum*, 660 F.3d 487, 500-01 (1st Cir. 2011) (emphasis added) (noting that the legislative history of the Copyright Act addresses the concern of online piracy).

    As discussed in more detail below, Doe 8's Motion does not provide the Court with any sufficient basis to quash the subpoena or sever the case.

**II.   THE SUBPOENA SEEKS RELEVANT INFORMATION**

    The Court found good cause for granting Plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference ("Motion for Leave").  Docket no. 5.  To reiterate, Plaintiff demonstrated in its Motion for Leave that it holds valid copyrights and that a forensic investigation revealed potential infringement of its rights in its copyrighted works.  Further, Plaintiff specifically identified the information that it is seeking through expedited discovery, namely, the identifying information for the subscribers associated with the IP addresses listed on Exhibit A to the Complaint, and has shown that there is no other means to obtain the information.  Any arguments to the contrary are without merit.  For instance,

Defendant contends that the identification of the IP address holder will not necessarily identify the purported copyright infringer.  Though unlikely, that may be the case.  Nonetheless, the information sought is still relevant and discoverable.  Indeed Rule 26 of the Federal Rules of Civil Procedure defines the scope of discovery as including "any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things *and the identity of the location or persons who know of any discoverable matter*."  Fed. R. Civ. P. 26(b)(1) (emphasis added).  Relevant information for discovery purposes includes any information "reasonably calculated to lead to the discovery of admissible evidence." *Id.*

The Eastern District of Pennsylvania court recently discussed whether an IP address was sufficient to identify the infringer:

> The Court acknowledges that Verizon's compliance with the subpoena may not directly reveal the identity of an infringer. Indeed, the subscriber information Verizon discloses will only reveal the account holder's information, and it may be that a third party used that subscriber's IP address to commit the infringement alleged in this case.

*Raw Films, Ltd v. John Does 1-15*, 2012 WL 1019067 (E.D.Pa. March 26, 2012) (internal citations omitted).  The Court went on to note that while the IP address did not guarantee the subscriber was the infringer, "[t]he subpoena is specific enough to give rise to a reasonable likelihood that information facilitating service upon proper defendants will be disclosed if the ISPs comply." *Id.*

The information sought by Plaintiff falls squarely within the broad scope of discovery and is therefore warranted in this matter. The identity of the IP address holder is relevant under Rule 26, in that it is "reasonably calculated" to lead to the identity of the infringer, whether it is the IP address holder or some other individual. Thus, any concern about identifying a potentially innocent ISP customer, who

happens to fall within the Plaintiff's discovery requests upon the ISPs, is minimal and not an issue that should warrant the Court to minimize or even prohibit the otherwise legitimate, relevant, and probative discovery.[1] *See, e.g., Patrick Collins, Inc. v. Does 1-54*, 2012 WL 911432 at *4 (D.Ariz. March 19, 2012) ("Although the Court acknowledges that there is some social stigma attached to consuming pornography, Defendant strenuously denies the allegations, and it is the rare civil lawsuit in which a defendant is not accused of behavior of which others may disapprove. The nature of the allegations alone do not merit a protective order."); *AF Holdings, LLC*, 2012 WL 488217 at *1; *Third Degree Films*, 2012 WL 2522151 (denying defendant's request for protective order permitting anonymous participation in the lawsuit).

### III.  THE SUBPOENA IS NOT DESIGNED TO EMBARRASS

To the extent that Defendant is arguing that the subpoena should be quashed a protective order is necessary to save him from the potential embarrassment that he may face by being connected to this lawsuit, courts have overwhelmingly found that this is an insufficient basis for a protective order. *See Kamakana v. City and County of Honolulu,* 447 F.3d 1172, 1179 (9th Cir. 2006) ("The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."); *Voltage Pictures, LLC v. Does 1-5,000*, 818 F.Supp.2d 28, 35 (D.D.C. 2011) ("To the extent that the putative defendants seek protective orders to prevent disclosure of private identifying information, the Court has held that the putative defendants' First Amendment rights to anonymity in the context of their BitTorrent

---

[1] Recent technological advances make it more likely that a wireless account will be secured and can easily be traced to a household where the subscriber either is the infringer or knows the infringer. Indeed, router manufacturers nowadays require users to employ security with the set-up software.

4
Plaintiff's Opposition to Doe 8's Motion to Quash, Sever, Dismiss Subpoena

activity is minimal and outweighed by the plaintiff's need for the putative defendants' identifying information in order to protect its copyrights.") *see also, Patrick Collins, Inc.,* 2012 WL 911432, at *4 ("Defendant claims he would prefer that the proceedings take place under seal, but offers no reason that disclosing the fact that a particular IP address is associated with his name constitutes annoyance, embarrassment, oppression, or undue burden. Although the Court acknowledges that there is some social stigma attached to consuming pornography, Defendant strenuously denies the allegations, and it is the rare civil lawsuit in which a defendant is not accused of behavior of which others may disapprove. The nature of the allegations alone do not merit a protective order."); *AF Holdings, LLC*, 2012 WL 488217 at *1 (holding that the Doe defendants did not have standing to quash, and that the issue of misjoinder was premature until the anonymous Doe defendants had been identified); *Third Degree Films*, 2012 WL 2522151 (denying defendant's request for protective order permitting anonymous participation in the lawsuit).

### IV.   JOINDER IS PROPER

Plaintiff incorporates herein the joinder arguments made on pages 10-24 of Plaintiff's Opposition to Doe 25's Motion That The Court: (1) Reconsider Its Order Granting Early Discovery; (2) Sever All John Dos Other Than John Doe No. 1; (3) Quash Outstanding Subpoenas; And (4) Enter A Protective Order, which was filed concurrently herewith.

### V.   CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court deny Doe 8's motion to quash in its entirety.

5

Plaintiff's Opposition to Doe 8's Motion to Quash, Sever, Dismiss Subpoena

DATED: September 7, 2012                    KUSHNER LAW GROUP

                                            By:    /s/ Leemore L. Kushner
                                            Leemore L. Kushner
                                            Attorneys for Plaintiff Malibu Media, LLC

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Electronic Service List for this Case.

Dated: September 7, 2012          KUSHNER LAW GROUP

By: */s/ Leemore Kushner*          .
    Leemore Kushner
    Attorneys for Plaintiff MALIBU MEDIA, LLC