Leemore Kushner (SBN 221969)
KUSHNER LAW GROUP
801 North Citrus Avenue
Los Angeles, California 90038
Telephone:  (323) 515-7894
Facsimile:  (323) 544-8170
Email: lkushner@kushnerlawgroup.com

Attorneys for Plaintiff Malibu Media, LLC

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIBU MEDIA, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOES 1 through 59,<br><br>Defendants. | Case No. 1:12-cv-00888-AWI-DLB<br><br>**PLAINTIFF'S OPPOSITION TO OMNIBUS MOTION FOR A PROTECTIVE ORDER, MOTION TO SEVER AND MOTION FOR RECONSIDERATION**<br><br>Date:  September 21, 2012<br>Time:  9:00 a.m.<br>Place: Ctrm 9 |

## I. INTRODUCTION

Defendant John Does 14 and 32 ("Defendants") motion opens with a purported "brief history of mass doe litigation." Defendants fail, however, to address the genesis of these suits: the mass online infringement of Plaintiff Malibu Media LLC's ("Plaintiff") duly copyrighted works by millions of people throughout the country, including Defendants herein. Indeed, the online theft of Plaintiff's property greatly damages its business, products, and reputation, and this phenomenon is pervasive in the adult movie industry. According to a Miami New Times survey, thirty two percent (32%) of respondents <u>admit</u> to illegally downloading their adult movies.[1] Put simply, Plaintiff's motivation for bringing these suits is to hold the infringers liable for their theft and, by so doing, to deter the future theft of its movies. If there was an easier way to stop the infringement, Plaintiff would immediately pursue it.

Defendants argue that Plaintiff's business model is designed so that Plaintiff may initiate litigation against multiple John Doe Defendants, obtain early requested discovery from the ISPs to identify the ISP customers, and then present the ISP customers with a situation akin to a "Sophie's choice" – namely, to settle with Plaintiff for a nominal amount or be named as a defendant in this case and face damage to their reputation associated with defending the case. Defendants further argue that the Court should limit Plaintiff's rights vis-à-vis a protective order, and utilize its inherent power to limit how Plaintiff may proceed in this case. Essentially, Defendants are requesting the Court create a special exception under the Copyright Act for cases such as this in which the copyrighted material contains pornography. *See Malibu Media, LLC v. John Does 1-9*, Case No. 8:12-cv-00669-SDM-AEP. Docket No. 25 at p. 7 (M.D.Fla. July 6, 2012). Indeed, it is highly unlikely that

---

[1] See http://business.avn.com/articles/video/Miami-New-Times-Releases-Sex-Survey-Results-447237.html

Defendants' concerns "would be as heightened and given as much attention by other courts if the alleged protected material was copyrighted music rather than pornography." *Id.* at n.3. But the fact that pornographic material is at issue in this suit should have no bearing on the Court's decision in this case. Indeed, bias against Plaintiff for the work that it produces does not belong in a federal courthouse, particularly in light of the Fifth Circuit's well-reasoned decision in *Mitchell Bros. Film Group v. Cinema Adult Theater*, 604 F.2d 852 (5th Cir. 1979), which held that the copyright statute contains no explicit or implicit bar to copyrighting obscene materials and provides for a copyright of all creative works, obscene or non-obscene, that otherwise meet the requirements of the Copyright Act. *See also, Jartech, Inc. v. Clancy*, 666 F.2d 403, 406 (9th Cir. 1982) ("Acceptance of an obscenity defense [to copyright laws] would fragment copyright enforcement, protecting registered materials in a certain community, while, in effect, authorizing pirating in another locale.").

Moreover, Defendants' argument about coercive settlements is simply without any merit in cases such as this where Defendants are represented by counsel. Indeed, neither Defendants nor their counsel were subjected to any abusive tactics. This type of case does not merit judicial review of any party's motivation to settle. Parties settle cases routinely without judicial review of the parties motivation to settle.[2] Additionally, procedural safeguards, such as Fed. R. Civ. P. 11, ensure that Plaintiff proceeds in good faith when identifying a John Doe as a defendant in this case.

At this stage of the litigation process, Plaintiff has no other option but to file

---

[2] Defendants contend that it is improper for Plaintiff to discuss settlement regarding Defendants' infringement of *all* of Plaintiff's copyrighted works. Motion, p.4. However, to the extent that the Defendants seek a release of all known and unknown claims, it is imperative that all known claims are addressed during the settlement discussions. Furthermore, the fact that both of the Defendants demonstrates that these Defendants are serial infringers.

suit against the owners of these IP addresses to obtain the infringers identity.  If this Court were to follow Defendants' rationale, Plaintiff would have no recourse against the mass copyright infringement it suffers on a daily basis.  Any such holding would be contrary to existing law and the express policy of Congress and the courts. Indeed, the Eighth Circuit explained that, as a practical matter, "copyright owners cannot deter unlawful peer-to-peer file transfers unless they can learn the identities of persons engaged in that activity."  *Charter Communications, Inc., Subpoena Enforcement Matter*, 393 F.3d 771, 775 n. 3 (8th Cir. 2005).[3]  "By filing this lawsuit against unknown putative defendants and using the subpoena power to learn the identity of internet service customers who infringe, copyright owners are able to take steps to protect their interests, seek compensation for their misappropriated property, and stop infringement."  *Malibu Media, LLC v. John Does 1-14*, Civ. Action No. 12-00764 (BAH), Docket 14 (D.D.C. July 25, 2012).[4]

---

[3] The Court of Appeals for the Eighth Circuit reversed the lower court's allowance of a subpoena issued under section 512(h) of the Digital Millennium Copyright Act (DMCA) to a cable operator that provided conduit service used by its subscribers to download copyrighted material over peer-to-peer networks, finding that such subpoena authority only applied when the ISP stored the infringing material on its network (rather than on the customer's computer). *Accord Recording Indus. Ass'n of Am. v. Verizon Internet Servs., Inc.,* 351 F.3d 1229, 1232 (D.C. Cir. 2003). The Eighth Circuit acknowledged that without this DMCA subpoena tool to discover the identity of the alleged infringer, "organizations . . . can also employ alternative avenues to seek this information, such as 'John Doe' lawsuits. In such lawsuits, many of which are now pending in district courts across the country, organizations . . . can file a John Doe suit, along with a motion for third-party discovery of the identity of the otherwise anonymous 'John Doe' defendant." *In re Charter Communications, Inc., Subpoena Enforcement Matter*, 393 F.3d at 775 n.3.

[4] Defendants speciously contend that Plaintiff "intentionally issued subpoenas in far-flung jurisdictions having no relation to the instant lawsuit, in order to maximize the burden to the subscribers." Motion, p.6.  To the contrary, the subpoenas are duly issued in the districts wherein the Internet Service Providers or their registered agents reside. *Managed Care Solutions, Inc. v. Essent Healthcare, Inc.*, 09-60351-CIV, 2010 WL 3419420, at *2 (S.D. Fla. Aug. 27, 2010) ("Typically, a subpoena for production of documents must issue from the district where the documents are located".); *Hallamore Corp. v. Capco Steel Corp.*, 259 F.R.D. 76, 79 (D. Del. 2009).

## II. <u>JOINDER IS PROPER</u>

Plaintiff incorporates herein the joinder arguments made on pages 10-24 of Plaintiff's Opposition to Doe 25's Motion That The Court: (1) Reconsider Its Order Granting Early Discovery; (2) Sever All John Dos Other Than John Doe No. 1; (3) Quash Outstanding Subpoenas; And (4) Enter A Protective Order, which was filed concurrently herewith.

## III. <u>THE COURT SHOULD NOT ISSUE A PROTECTIVE ORDER</u>

To the extent that Defendant is arguing that the subpoena should be quashed a protective order is necessary to save him from the potential embarrassment that he may face by being connected to this lawsuit, courts have overwhelmingly found that this is an insufficient basis for a protective order. *See Kamakana v. City and County of Honolulu,* 447 F.3d 1172, 1179 (9th Cir. 2006) ("The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."); *Voltage Pictures, LLC v. Does 1-5,000*, 818 F.Supp.2d 28, 35 (D.D.C. 2011) ("To the extent that the putative defendants seek protective orders to prevent disclosure of private identifying information, the Court has held that the putative defendants' First Amendment rights to anonymity in the context of their BitTorrent activity is minimal and outweighed by the plaintiff's need for the putative defendants' identifying information in order to protect its copyrights.") *see also, Patrick Collins, Inc. v. Does 1-54*, 2012 WL 911432 at *4 (D.Ariz. March 19, 2012) ("Defendant claims he would prefer that the proceedings take place under seal, but offers no reason that disclosing the fact that a particular IP address is associated with his name constitutes annoyance, embarrassment, oppression, or undue burden. Although the Court acknowledges that there is some social stigma attached to consuming pornography, Defendant strenuously denies the allegations, and it is the rare civil lawsuit in which a defendant

is not accused of behavior of which others may disapprove. The nature of the allegations alone do not merit a protective order.").

Further, although Rule 45 provides that a subpoena must be quashed if it "subjects a person to undue burden," this exception does not help Defendants with respect to the subpoena at issue herein. "Courts that have addressed this issue have concluded that the issuance of a subpoena to the Internet Service Provider of putative defendants does not create an undue burden on the putative defendants because they are not required to produce anything." *See First Time Videos, LLC v. Does 1-18*, 2011 WL 4079177 at *1 (S.D.Ind. Sept. 13, 2011). Thus, only the ISP has standing to argue the subpoena poses an undue burden to it, and in this case, it has not. *Id.*; *see also Donkeyball Movie, LLC v. Does*, 2011 WL 1807452 (D.D.C. May 12, 2011) ("the putative defendant is not subject to the plaintiff's subpoena, and therefore does not face any 'annoyance, embarrassment, oppression, or undue burden or expense' from the plaintiff's discovery request.")

## IV. THE COURT SHOULD NOT VACATE ITS ORDER ALLOWING EARLY DISCOVERY

The Court found good cause for granting Plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference ("Motion for Leave"). Docket no. 5. To reiterate, Plaintiff demonstrated in its Motion for Leave that it holds valid copyrights and that a forensic investigation revealed potential infringement of its rights in its copyrighted works. Further, Plaintiff specifically identified the information that it is seeking through expedited discovery, namely, the identifying information for the subscribers associated with the IP addresses listed on Exhibit A to the Complaint, and has shown that there is no other means to obtain the information.

"A plaintiff who is unaware of the identity of the person who has wronged her can…proceed against a 'John Doe' … when the discovery is likely to reveal the

1   identity of the correct defendant." *Penalbert-Rosa v. Fortuno-Burset*, 631 F.3d 592
2   (1st Cir. 2011).  "In Internet infringement cases, courts routinely find good cause
3   exists to issue a Rule 45 subpoena to discover a Doe defendant's identity, prior to a
4   Rule 26(f) conference, where a plaintiff makes: (1) a prima facie showing of
5   infringement, (2) there is no other way to identify the Doe Defendant, and (3) there
6   is a risk an ISP will destroy its logs prior to the conference." *UMG Recording, Inc.
7   v. Doe*, 2008 WL 4104214 at *4 (N.D.Cal. 2008).  In addition, some courts also
8   analyze a defendant's First Amendment right to privacy in determining whether to
9   allow the discovery. In these cases, courts require Plaintiff to (4) specify the
10  discovery requested, (5) demonstrate a central need for the subpoenaed information
11  to advance the asserted claims, and (6) establish that the party's expectation of
12  privacy does not outweigh the need for the requested discovery.  *Sony Music Entm't
13  v. Does 1-40*, 326 F.Supp.2d 556, 564-65 (S.D.N.Y. 2004).
14         In this case, Plaintiff satisfied the above-listed factors.  *First*, in its Complaint,
15  Plaintiff asserts that it holds the copyright to the movie "Lunchtime Fantasy."
16  Complaint, ¶ 11.  Further, the signed declaration of Tobias Fieser [Docket no. 4-1]
17  states that Plaintiff's research indicated that the Work has been infringed upon and
18  that he was able to isolate the transactions and the IP addresses being used on the
19  peer-to-peer network to reproduce, distribute, display, or perform Plaintiff's
20  copyrighted works.  *Second*, Plaintiff has established that it lacks any other means of
21  obtaining the subpoenaed information. Plaintiff only has the IP addresses and cannot
22  locate any further information. Rather, once the IP addresses, plus the date and time
23  of the detected and documented infringing activity are provided to the ISP, the ISPs
24  can access the identifying information of the subscriber.  Plaintiff has taken all of
25  the steps it can to identify the Doe defendants.  *Third*, Plaintiff demonstrated
26  through the declaration of Tobias Fieser that "[m]any ISPs only retain the
27  information sufficient to correlate an IP address to a person at a given time for a
28                                              6
Plaintiff's Opposition to Omnibus Motion for a Protective Order, Motion to Sever and Motion for Reconsideration

very limited amount of time." [Docket no. 4-1, ¶ 11.]  Thus, there is a chance that the ISPs will destroy the logs needed by Plaintiff.  *Fourth*, Plaintiff has sufficiently described the John Doe Defendants by listing the IP address assigned to them on the day Plaintiff alleges the Defendants engaged in the infringing conduct in a chart attached as Exhibit A to the Complaint.  *Fifth*, Plaintiff has demonstrated the need for the subpoenaed information in order to advance its claims as there appears no other means of obtaining this information and the information is needed in order to prosecute Plaintiff's viable claim for copyright infringement.  *Sixth*, and finally, Plaintiff's interest in knowing Defendants' true identities outweighs Defendants' interests in remaining anonymous. Plaintiff has a strong legitimate interest in protecting its copyrights and it has been held that copyright infringers have no legitimate expectation of privacy in the subscriber information they provide to ISPs. *Doe v. S.E.C.*, 2011 WL 4593181 at *3 (N.D.Cal. Oct. 4, 2011) ("Internet subscribers do not have a reasonable expectation of privacy in subscriber information they have already conveyed to their [Internet Service Providers]."); *see also, Guest v. Leis*, 255 F.3d 325, 226 (6th Cir. 2001) (holding that "computer users do not have a legitimate expectation of privacy in their subscriber information because they have conveyed it to another person – the system operator"); *U.S. v. Hambrick*, Civ. No. 99-4793, 2000 WL 1062039 at *4 (4th Cir. Aug. 3, 2000) (a person does not have a privacy interest in the account information given to the ISP in order to establish an email account); *Achte/Neinte Boll Kino Beteiligungs Gmbh & Co. v. Does 1-4,577*, 736 F.Supp.2d 212, 215 (D.D.C. 2010) (same); *U.S. v. Kennedy*, 81 F.Supp.2d 1103, 1110 (D.Kan. 2000) (defendant's right to privacy was not violated when an ISP turned over his subscriber information because there is no expectation of privacy in information provided to third parties).

## V. THE REQUESTED DISCOVERY IS REASONABLY CALCULATED TO LEAD TO THE DISCOVERY OF ADMISSIBLE EVIDENCE

Defendant contends that a protective order should be issued because the identification of the IP address holder will not necessarily identify the purported copyright infringer. Though unlikely, that may be the case. Nonetheless, the information sought is still relevant and discoverable. Indeed Rule 26 of the Federal Rules of Civil Procedure defines the scope of discovery as including "any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things *and the identity of the location or persons who know of any discoverable matter*." Fed. R. Civ. P. 26(b)(1) (emphasis added). Relevant information for discovery purposes includes any information "reasonably calculated to lead to the discovery of admissible evidence." *Id.*

The Eastern District of Pennsylvania court recently discussed whether an IP address was sufficient to identify the infringer:

> The Court acknowledges that Verizon's compliance with the subpoena may not directly reveal the identity of an infringer. Indeed, the subscriber information Verizon discloses will only reveal the account holder's information, and it may be that a third party used that subscriber's IP address to commit the infringement alleged in this case.

*Raw Films, Ltd v. John Does 1-15*, 2012 WL 1019067 (E.D.Pa. March 26, 2012) (internal citations omitted). The Court went on to note that while the IP address did not guarantee the subscriber was the infringer, "[t]he subpoena is specific enough to give rise to a reasonable likelihood that information facilitating service upon proper defendants will be disclosed if the ISPs comply." *Id.*

The information sought by Plaintiff falls squarely within the broad scope of discovery and is therefore warranted in this matter. The identity of the IP address holder is relevant under Rule 26, in that it is "reasonably calculated" to lead to the

identity of the infringer, whether it is the IP address holder or some other individual. Thus, any concern about identifying a potentially innocent ISP customer, who happens to fall within the Plaintiff's discovery requests upon the ISPs, is minimal and not an issue that should warrant the Court to minimize or even prohibit the otherwise legitimate, relevant, and probative discovery.[5]  *See, e.g., Patrick Collins, Inc. v. Does 1-54*, 2012 WL 911432 at *4 (D.Ariz. March 19, 2012) ("Although the Court acknowledges that there is some social stigma attached to consuming pornography, Defendant strenuously denies the allegations, and it is the rare civil lawsuit in which a defendant is not accused of behavior of which others may disapprove. The nature of the allegations alone do not merit a protective order."); *AF Holdings, LLC*, 2012 WL 488217 at *1; *Third Degree Films*, 2012 WL 2522151 (denying defendant's request for protective order permitting anonymous participation in the lawsuit).

## VI.  CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' motion to quash in its entirety.

DATED: September 7, 2012			KUSHNER LAW GROUP

					By:	/s/ Leemore L. Kushner
						Leemore L. Kushner
						Attorneys for Plaintiff Malibu Media, LLC

---

[5] Recent technological advances make it more likely that a wireless account will be secured and can easily be traced to a household where the subscriber either is the infringer or knows the infringer.  Indeed, router manufacturers nowadays require users to employ security with the set-up software.

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Electronic Service List for this Case.

Dated: September 7, 2012               KUSHNER LAW GROUP


                                       By: */s/ Leemore Kushner*                .
                                           Leemore Kushner
                                           Attorneys for Plaintiff MALIBU MEDIA, LLC