Nicholas Ranallo, Attorney at Law (SBN #275016)
371 Dogwood Way
Boulder Creek, CA 95006
Phone: (831) 703-4011
Fax: (831) 533-5073
nick@ranallolawoffice.com
Attorney for ISP Subscribers at IP Address 24.7.173.114 & 98.224.125.211
("John Does #14 &32)

**UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MALIBU MEDIA, LLC, | Case No.: 1:12-cv-00888-AWI-DLB |
| Plaintiff, | Magistrate Judge Dennis L. Beck |
| vs. | REPLY IN SUPPORT OF OMNIBUS MOTION FOR A PROTECTIVE ORDER, MOTION TO SEVER AND MOTION FOR RECONSIDERATION |
| JOHN DOES 1-59, | |

**JOHN DOE #14 & 32's REPLY TO PLAINTIFF'S OPPOSITION**

Movants, John Does #14 & #32 (IP Addresses 24.7.173.114 & 98.224.125.211), through undersigned counsel, hereby submit this Reply in Support of Omnibus Motion to Sever and/or for Reconsideration.  Movants request that this court issue a Protective Order prohibiting the Movants' ISPs from releasing his name and identifying information to Plaintiff in this action.  In addition, Movants request that the magistrate recommend that the claims against Does 2-59 be severed due to misjoinder or that this court vacate its prior order authorizing early discovery as to Does 2-59.

### I.     Introduction

Most of the pertinent issues regarding this motion have been briefed thoroughly, and the instant reply will narrow its focus to a few key points from its original motion that were virtually ignored in Plaintiff's Opposition, but which are fundamental to the instant motion.

First, Plaintiff ignores the recent decisions from the Eastern District of California that have dealt with precisely the requests at issue here, each of which rejected early discovery beyond Doe #1.  Second, Plaintiff glosses over the fact that the Does herein are not actually accused of the same infringements.  Both Does #14 & 32 are accused of downloading multiple works that are not alleged in the instant complaint, and it seems fair to assume that many of the other Does are likewise accused of infringing multiple works from Plaintiff's catalogue.  Any argument by Plaintiff that it seeks to promote judicial efficiency must be tempered by the knowledge that it apparently envisions multiple suits against each Doe, or seeks to add potentially dozens of additional claims against each Doe at some later time.  Finally, Plaintiff has failed to establish that its requested discovery is likely to identify the infringers and good cause has not been shown.  As such, Movants request that this court vacate its prior order authorizing early discovery.

## II.   Argument

### A.   PLAINTIFF HAS NOT ESTABLISHED THAT MASS JOINDER IS APPROPRIATE

1.   Plaintiff's Theory of Joinder has Been Rejected Repeatedly in this District.

As noted in Does 14 & 32 original motion (and ignored in Plaintiff's opposition thereto), multiple judges in the Eastern District of California have recently rejected the exact theory of mass joinder presented by Plaintiff herein.  Plaintiff's opposition states that "numerous courts in California have held that joinder is proper...," however Plaintiff ignores that the Eastern District of California does not appear to be one of them.  It is true that Judge Delaney initially allowed mass joinder in two cases, though she has since explicitly rejected her prior position. Specifically, she found that Does have "correctly asserted that the mass joinder of unrelated defendants is improper under Federal Rule of Civil Procedure 20." *Smash Pictures v. Does 1-590,* 2:12-cv-00302 (ECF Doc. 21 at 2)(E.D. Cal. June 14, 2012).  District Judge Mendez adopted the recommendations of Judge Delaney and dismissed all but Doe #1.  In addition, Judges Brennan and Newman have each denied discovery, except as to Doe #1, in similar

BitTorrent infringement cases, noting that improper joinder appears "endemic" to Plaintiff's cases. None of these decisions are mentioned in Plaintiff's opposition, and Plaintiff offers no reason why this court should diverge from the others in this district on this issue.

2. <u>Plaintiff's Claims Do Not Involve the Same Transactions or Occurrences and Will Not Promote Judicial Efficiency</u>

John Does 14 & 32 addressed the issue of joinder at length in the original motion, and will not re-hash the same arguments here (correct though they may be). However, Plaintiff's opposition failed to address key points that undermine their argument in that joinder is appropriate. First, Plaintiff fails to address that each Defendant in this action is (apparently) accused of downloading multiple other works. Although Plaintiff argues that the permissive joinder rule is "to be liberally construed in order to promote trial convenience... thereby preventing multiple lawsuits," *League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency,* 558 F.2d 914, 917 (9th Cir. 1997), Plaintiff *must* envision additional suits against each Defendant regarding the presently unpled claims.

Plaintiff further notes that Rule 20(a) is designed to promote judicial economy. In the instant case, however, these purposes are undermined by the fact that Plaintiff has apparently withheld multiple claims against many of the Does. Plaintiff therefore must intend a) to file multiple individual suits against each particular Doe; or b) intend to add multiple distinct claims against each Doe in this suit at some point in the future. Either outcome seriously undermines any judicial efficiency that could be gained by joining unrelated defendants.

Even if the court is persuaded that Plaintiff meets the technical requirements of Rule 20, Rule 21 nonetheless allows a court "on motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. District courts have wide discretion in exercising its powers under Rule 21 and action is needed in the instant case to prevent prejudice to the 59 unrelated individuals accused in this action. The Ninth Circuit has found that "even once [the Rule 20(a)] requirements are met, a district court must examine whether permissive joinder would `comport with the principles of

fundamental fairness' or would result in prejudice to either side." *Coleman v. Quaker Oats Company,* 232 F.3d 1271, 1296 (9th Cir.2000).

As recently recognized by a judge in Florida's Southern District "allowing the permissive joinder of all 31 Doe Defendants would prejudice the Defendants due to the logistical burdens that would arise in the course of litigation." *AF Holdings v. Does 1-31,* 1:12-cv-20922-UU (S.D. Fl. August 7, 2012)(ECF Doc. 32 at pg. 18). The Northern District of California has recognized these precise concerns, and noted that "Even if joinder of the Doe Defendants in this action met the requirements of Rule 20(a) of the Federal Rules of Civil Procedure, the Court finds it is appropriate to exercise its discretion to sever and dismiss all but one Doe Defendant to avoid causing prejudice and unfairness to Defendants, and in the interest of justice." *Hard Drive Productions, Inc. v. Does 1-188,* 809 F.Supp.2d 1150, 1164 (N.D. Cal. 2011).

The court in *Hard Drive* noted a number of facts that would prejudice the Doe defendants. "First, permitting joinder in this case would undermine Rule 20(a)'s purpose of promoting judicial economy and trial convenience because it would result in a logistically unmanageable case." *Id.* The court goes on to note that each Doe would likely have unique defenses, "creating scores of mini-trials involving different evidence and testimony," and, finally, determines that permissive joinder of the Doe defendants "does not comport with the 'notions of fundamental fairness," that are required. *Id.* In doing so, the court aptly described the logistical nightmare that would ensue.

> The joinder would result in numerous hurdles that would prejudice the defendants. For example, even though they may be separated by many miles and have nothing in common other than the use of BitTorrent, each defendant must serve each other with all pleadings—a significant burden when, as here, many of the defendants will be appearing *pro se* and may not be e-filers. Each defendant would have the right to be at each other defendant's deposition—creating a thoroughly unmanageable situation. The courtroom proceedings would be unworkable—with each of the 188 Does having the opportunity to be present and address the court at each case management conference or other event. Finally, each defendant's defense would, in effect, require a mini-trial. These burdens completely defeat any supposed benefit from the joinder of all Does in this case, and would substantially prejudice defendants and the administration of justice. *Id.*

The court in *Hard Drive* was correct that the mass joinder of unrelated individuals, even if technically allowable under Rule 20, would result in serious prejudice to the Doe defendants and create a thoroughly unmanageable case for this court.  As such, Does 2-59 should be severed.

## B.   THIS COURT SHOULD RECONSIDER ITS PRIOR ORDER AUTHORIZING EARLY DISCOVERY

Plaintiff purports to cite the standard for early discovery, though they omit one element that is essential in the Ninth Circuit – that the requested discovery must be likely to identify the Doe Defendant.  See *Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir. 1980).  Here, as described at length in the original motion, Plaintiff's requested discovery is not likely to identify Doe Defendants.  Plaintiff's opposition states that the requested discovery must only be "reasonably calculated to lead to the discovery of admissible evidence." (Doc. 19 at 8).  Although this may accurately state the requirements for information to be *relevant*, it does not accurately state the Plaintiff's burden when seeking expedited discovery into the identity of "John Doe" defendants.  As noted in a similar BitTorrent case in the Northern District, in the context of early discovery "the court asks whether the requested discovery is 'very likely' to reveal the identities of Doe defendants."  *Hard Drive Productions v. Does 1-90,* 5:11-cv-03825-HRL (Doc. 18)(Order Denying Application for Leave to Take Expedited Discovery)(N.D. Cal. Mar. 30, 2012)(citing *Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir. 1980)).  Plaintiff here has conceded (as it must) that the IP address holder is not necessarily the Doe defendant, though it has proposed no means by which it might gain the identity of the defendant, beyond the instant subpoena.  As another Plaintiff was forced to admit, a Plaintiff may need "nothing less than an inspection of the subscriber's electronically stored information and tangible  things, including each of the subscriber's computer and the computers of  those sharing his network" in order to determine the identity of the infringer.  *Boy Racer, Inc. v. Does* 1-52, 2011 WL 7402999 (N.D. Cal. 2011) (emphasis added).   As such, Plaintiff has failed to satisfy a requirement for early discovery, and Movants respectfully request that this court vacate its prior order authorizing such discovery.

### III.     CONCLUSION

For the reasons described in Movants original Motion for Protective Order, Motion to Sever, and Motion for Reconsideration and described herein, Movants respectfully request that this court grant their motion for a protective order and/or reconsider their prior order authorizing early discovery as to the 59 unrelated individuals implicated herein.

Respectfully Submitted,                                                                            September 13, 2012


__/S/ Nicholas Ranallo_____
COUNSEL FOR MOVANTS (IP ADDRESSES 24.7.173.114 & 98.224.125.211)
Nicholas Ranallo, Attorney at Law
California Bar # 275016
371 Dogwood Way,
Boulder Creek, CA 95006
(831) 703-4011
Fax: (831) 533-5073
nick@ranallolawoffice.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of September, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system and served on all of those parties receiving notification through the CM/ECF system.

By:     /s/Nicholas Ranallo

Nicholas Ranallo