Zachary R. Rayo (SBN 230152)
Rayo Law Offices, P.C.
2151 Salvio St., Ste 399
Concord, CA 94520
Tel.: (925) 288-1889
Fax: (925) 288-1890
Email: info@rayolawfirm.com

Attorney for Person Alleged to be John Doe No. 25

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIBU MEDIA, LLC, a California limited liability company,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN DOES 1 through 59,<br><br>    Defendants. | Case No. 1:12-cv-00888-AWI-DLB<br><br>**REPLY IN SUPPORT OF JOHN DOE'S MOTION THAT THE COURT: (1) RECONSIDER ITS ORDER GRANTING EARLY DISCOVERY; (2) SEVER ALL JOHN DOES OTHER THAN JOHN DOE NO. 1; (3) QUASH OUTSTANDING SUBPOENAS; AND (4) ENTER A PROTECTIVE ORDER**<br><br>Hearing Date: September 21, 2012<br>Hearing Time: 9:00 a.m.<br>Hearing Room: Courtroom 9 |

## I. INTRODUCTION

Movant John Doe No. 25, through undersigned counsel, submits this Reply to Plaintiff's Opposition to John Doe 25's motion for the court to reconsider its order granting early discovery, sever all John Does except John Doe No. 1, quash outstanding subpoenas, and enter a protective order. Movant requests that the court grant its motion.

## II. JOHN DOE NO. 25 HAS ATTEMPTED TO MEET AND CONFER WITH OPPOSING COUNSEL BEFORE THE HEARING DATE.

Local Rule 251(b) states in pertinent part: "Counsel for all interested parties shall confer in advance of the filing of the motion **or in advance of the hearing of the motion** in a good faith effort to resolve the differences that are the subject of the motion" (emphasis added). Movant's counsel attempted to confer with opposing counsel in advance of the hearing of the motion. *See* Declaration of Zachary R. Rayo filed herewith.

## III. THE ORDER GRANTING EARLY DISCOVERY SHOULD BE VACATED BECAUSE JOINDER IS IMPROPER.

A survey of recent Eastern District of California published opinions involving Bit Torrent file transfer protocol and early discovery fights yields the following cases which indicate a trend in the Eastern District of finding improper joinder in BitTorrent cases that involve multiple Doe defendants.

In *Malibu Media, LLC v. Doe*, 2012 U.S. Dist. LEXIS 97790, at *2, *3 (E.D. Cal., July 13, 2012) (Adopted by, Claim dismissed by, Without prejudice *Malibu Media, LLC v. Doe*, 2012 U.S. Dist. LEXIS 109248 (E.D. Cal., Aug. 3, 2012)), Magistrate Judge Carolyn Delaney ruled that joinder of unrelated defendants was improper under F.R.C.P. Rule 20 because "[g]iven the technical complexities of BitTorrent swarm functions, it appears unlikely that the Doe defendants engaged in any coordinated effort or concerted activity." (Emphasis added.) The court, however, authorized expedited discovery only as to Doe 1 and recommended that the remaining Doe defendants be dismissed without prejudice under F.R.C.P. Rule 21. Notably, the matter was referred to Senior District Judge Garland E. Burrell, Jr. pursuant to Local Rule 302(c). On July 13, 2012, the magistrate judge filed

findings and recommendations which were served on the parties and which contained notice to the parties that any objections to the findings and recommendations were to be filed within fourteen days. No objections to the findings and recommendations were filed by Ms. Kushner, who was Plaintiff's counsel in that case.

In *Patrick Collins, Inc. v. Does*, 2012 U.S. Dist. LEXIS 97792, at *2, *3 (E.D. Cal., July 13, 2012) (Adopted by, Claim dismissed by *Patrick Collins, Inc. v. Doe*, 2012 U.S. Dist. LEXIS 122465 (E.D. Cal., Aug. 28, 2012)), Magistrate Judge Carolyn Delaney also found joinder impermissible and provided the same rationale as in *Malibu Media, LLC v. Doe*, 2012 U.S. Dist. LEXIS 97790, at *2, *3 (E.D. Cal., July 13, 2012). Similarly, the matter was referred to District Judge John A. Mendez pursuant to Local Rule 302(c). On July 13, 2012, the magistrate judge filed findings and recommendations which were served on the parties and which contained notice to the parties that any objections to the findings and recommendations were to be filed within fourteen days. No objections to the findings and recommendations were filed by Ms. Kushner, who was Plaintiff's counsel in that case.

In *AF Holdings LLC v. Doe*, 2012 U.S. Dist. LEXIS 99369, at *4 & *5 (E.D. Cal., July 17, 2012), although Magistrate Judge Drozd granted expedited discovery, he explained in Footnote 1 thus:

> The undersigned shares many of the concerns expressed by Magistrate Judge Lloyd in his order denying the application for leave to take expedited discovery in Hard Drive Productions, Inc. v. Does 1-90. It is apparent that the number of actions filed in the District Courts such as this one, alleging copyright infringement, negligence and contributory infringement of adult entertainment videos accompanied by a motion seeking leave to conduct expedited discovery, are growing rapidly. So much so, that both the trend and the abusive nature of many such actions is now attracting media attention. See Bill Torpy, Bit Torrent's Popularity Leads to Mass Copyright Litigation, The Atlanta Journal-Constitution, July 11, 2012. While the sample size of such actions coming before the undersigned is currently somewhat small, that appears to be changing. <u>If it were to become apparent that the filing of such actions is motivated solely for the purpose of  [*5] making calculated settlement demands on individuals whether or not they engaged in the</u>

<u>conduct alleged, the undersigned's view of future requests for expedited discovery in such actions is likely to change</u>.  (Emphasis added.)

In *Ingenuity13 LLC v. Doe*, 2012 U.S. Dist. LEXIS 113051(E.D. Cal., August 9, 2012), Magistrate Judge Carolyn Delaney granted expedited discovery with respect to one Doe defendant.  However, unlike in other BitTorrent cases involving multiple Doe defendants, joinder was not an issue in that case.

In *Pink Lotus Entm't, LLC v. Doe*, 2012 U.S. Dist. LEXIS 38686 (E.D. Cal., March 21, 2012), Magistrate Judge Kendall Newman denied expedited discovery subpoena upon a third party named Mr. Angle.  In that case, plaintiff averred in its complaint that it "has not formally named Mr. Angle as a defendant in this action because the relationship between an account holder and infringer can be 'imperfect'." Id. at *2.  There, plaintiff asked the court to authorize service of a third party deposition subpoena upon the account holder (in the form of deposing Mr. Angle as a third party), "purportedly to obtain the identities of the defendant(s) alleged to have used Mr. Angle's account associated with IP address "68.107.86.6" to infringe on plaintiff's rights in regards to the Video".  Id. at *2.

The court held that plaintiff failed to show "good cause" warranting the requested expedited discovery, and plaintiff has not shown that "good cause" outweighs the likely prejudice that would result from the deposition of Mr. Angle. Id. at *7 - *9.  The court adopted its reasoning in *Pink Lotus Entm't, LLC v. Doe*, 2012 U.S. Dist. LEXIS 6802, at *12, *13 (E.D. Cal., Jan. 20, 2012):

> In this case, plaintiff already has the name and contact information of the account holder, needs nothing further from a third party internet service provider, and instead seeks to orally depose the identified account holder. During the deposition, plaintiff 'intends to elicit facts about Mr. Angle's involvement, if any, with the unauthorized distribution of Plaintiff's video(s) via Mr. Angle's IP address; to learn about Mr. Angle's computers and network setup; to assess Mr. Angle's technical savvy;  [*13] and to identify any other persons who had access to Mr. Angle's computer and network.' (App. for Expedited Discovery at 11.) This goes far beyond seeking to identify a Doe defendant. Instead, it amounts to a full-on deposition during which Mr. Angle, who plaintiff admits is likely not represented by counsel

(Id. at 5 n.1), may unwarily incriminate himself on the record before he has even been named as a defendant and served with process.

Here, Plaintiff has failed to show that joinder of Does 2 – 59 is proper. As explained by Magistrate Judge Carolyn Delaney, "given the technical complexities of BitTorrent swarm functions, it appears unlikely that the Doe defendants engaged in any coordinated effort or concerted activity".  Magistrate Judge Drozd warned that "[i]f it were to become apparent that the filing of such actions is motivated solely for the purpose of making calculated settlement demands on individuals whether or not they engaged in the conduct alleged, the undersigned's view of future requests for expedited discovery in such actions is likely to change."

In addition, Plaintiff has failed to take into consideration Doe 25's absence from the country during the period of alleged BitTorrent swarm activity associated with the Doe 25's IP address.  There can be no coordinated  effort or concerted activity when Doe 25 was thousands of miles away from California.

## IV. CONCLUSION

For the foregoing reasons, the Movant respectfully requests that the Court: (1) reconsider and vacate its order granting early discovery; (2) sever all of the John Does other than John Doe No. 1, and dismiss the case without prejudice, with 30 days to refile, for all John Does other than John Doe No. 1; (3) Quash all outstanding subpoenas for all John Does other than John Doe No. 1; (4) Enter a protective order that (i) requires that the identity and contact information of each of the John Does be kept confidential and maintained under seal until such time as the complaint is properly served on that John Doe; (ii) forbids the Plaintiff from using or disclosing any information it has obtained thus far for any defendants other than John Doe No. 1; (iii) directing Plaintiff and its counsel to ***not*** request subscriber telephone numbers and email addresses in any future early discovery requests they make in this District; and (iv) directing Plaintiff and its counsel to comply with this procedure detailed in this order in all future cases filed in this District.

//

Respectfully submitted, September 13, 2012,

| | |
|---|---|
| */s/ Zachary R. Rayo*<br><br>Zachary R. Rayo (SBN 230152)<br>Rayo Law Offices, P.C.<br>2151 Salvio St., Ste 399<br>Concord, CA 94520<br>Tel.: (925) 288-1889<br>Fax: (925) 288-1890<br>Email: info@rayolawfirm.com | |

## CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2012, the foregoing was submitted to the CM/ECF system which will send notification of such filings to the parties.

*/s/ Zachary R. Rayo*

Zachary R. Rayo

Zachary R. Rayo (SBN 230152)
Rayo Law Offices, P.C.
2151 Salvio St., Ste 399
Concord, CA 94520
Tel.: (925) 288-1889
Fax: (925) 288-1890
Email: info@rayolawfirm.com

Attorney for Person Alleged to be John Doe No. 25

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIBU MEDIA, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOES 1 through 59,<br><br>Defendants. | Case No. 1:12-cv-00888-AWI-DLB<br><br>**DECLARATION OF ZACHARY R. RAYO IN SUPPORT OF REPLY TO OPPOSITION TO JOHN DOE'S MOTION THAT THE COURT: (1) RECONSIDER ITS ORDER GRANTING EARLY DISCOVERY; (2) SEVER ALL JOHN DOES OTHER THAN JOHN DOE NO. 1; (3) QUASH OUTSTANDING SUBPOENAS; AND (4) ENTER A PROTECTIVE ORDER**<br><br>Hearing Date: September 21, 2012<br>Hearing Time: 9:00 a.m.<br>Hearing Room: Courtroom 9 |

# DECLARATION

I, Zachary R. Rayo, declare:

1. I represent the Person Alleged to be John Doe No. 25 in the above-entitled action.
2. On September 13, 2012, I sent two emails to Leemore Kushner, counsel for Plaintiff, attempting to meet and confer regarding the motion in advance of the hearing date of September 21, 2012. True and correct copies of said emails are attached hereto and incorporated herein by reference.
3. On September 13, 2012, I placed a telephone call to Leemore Kushner and left a message for her to call back.
4. Since the Rule 45 discovery order itself is at issue and since it is evident from Ms. Kushner's Opposition that the positions of the parties are at polar opposites, I believe that the parties cannot resolve the discovery disagreement before the hearing date. For the same reasons, I believe that Rule 251(e) exception from required Joint Statement re Discovery Disagreement applies here.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 13, 2012, at Concord, California.

*/s/ Zachary R. Rayo*

Zachary R. Rayo (SBN 230152)
Rayo Law Offices, P.C.
2151 Salvio St., Ste 399
Concord, CA 94520
Tel.: (925) 288-1889
Fax: (925) 288-1890
Email: info@rayolawfirm.com

# CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2012, the foregoing was submitted to the CM/ECF system which will send notification of such filings to the parties.

*/s/ Zachary R. Rayo*

Zachary R. Rayo

-1-

DECLARATION OF ZACHARY R. RAYO IN SUPPORT OF REPLY TO OPPOSITION TO JOHN DOE'S MOTION THAT THE COURT: (1) RECONSIDER ITS ORDER GRANTING EARLY DISCOVERY; (2) SEVER ALL JOHN DOES OTHER THAN JOHN DOE NO. 1; (3) QUASH OUTSTANDING SUBPOENAS; AND (4) ENTER A PROTECTIVE ORDER

**Info@rayolawfirm.com**

---

| | |
|---|---|
| **From:** | Info@rayolawfirm.com |
| **Sent:** | Thursday, September 13, 2012 3:41 PM |
| **To:** | 'lkushner@kushnerlawgroup.com' |
| **Cc:** | nick@ranallolawoffice.com |
| **Subject:** | Malibu Media, LLC v. John Does 1 through 59, Case No. 1:12-cv-00888-AWI-DLB |

I am sending this email in compliance with E.D. Local Rule 251 which requires "counsel for all interested parties [to] confer in advance of the filing of the motion **or in advance of the hearing of the motion** in a good faith effort to resolve differences that are the subject of the motion". I also wish to confer with you if you think a Joint Statement re Discovery Agreement is still required under L.R. 251(e)(1) (i.e., when there has been a total refusal to respond to a discovery order).

My client, Doe 25, maintains the fact that Doe 25 was outside of the country during the alleged period of infringement; hence, it was physically impossible for Doe 25 to access the related IP account and engage in the infringing conduct. We think it would be prudent on the part of Malibu Media to dismiss the lawsuit against Does 2 - 59, and thereby render moot the discovery order as to Does 2 - 59.

Moreover, in a private email, please inform me if Malibu Media has any settlement options to place on the negotiating table.

Lastly, do you think we need to file a Joint Statement re Discovery Agreement if our positions remain at polar opposites?

I am available to discuss this by telephone tomorrow after 9:30 a.m. You may call me at (916) 668-9606; alternatively, please let me know of your availability.

Regards,

Zachary R. Rayo, J.D., LL.M.
Rayo Law Offices, Inc., A Professional Corporation
Concord Office & Mailing Address: 2151 Salvio St., Suite 399, Concord, CA 94520
Pleasanton Office: 4417 Railroad Ave., Pleasanton, CA 94566
Sacramento Office: 700 E St., Sacramento, CA 95814
Tel. (925) 288-1889; (916) 668-9606
Fax (925) 288-1890

CONFIDENTIAL COMMUNICATION: This electronic mail message ("email") and any attachments hereto are intended only for viewing and/or use by the addressee(s) named above and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient(s), this provision shall serve as notice to you that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this email message in error, please immediately notify the sender by replying to this email message.
In accordance with Treasury Regulations Circular 230, we inform you that any tax advice contained in this communication was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any tax-related matter addressed herein.

**Info@rayolawfirm.com**

| | |
|---|---|
| **From:** | Info@rayolawfirm.com |
| **Sent:** | Thursday, September 13, 2012 1:24 PM |
| **To:** | 'lkushner@kushnerlawgroup.com' |
| **Subject:** | Malibu Media, LLC v. John Does 1 through 59, Case No. 1:12-cv-00888-AWI-DLB |

Dear Leemore Kushner,

As you know, I represent Doe 25 in the above-referenced matter.

Please indicate any other alleged instances of infringement by Doe 25 of Malibu Media copyrighted work. Moreover, please inform me of any settlement offer that you may have.

Regards,

Zachary R. Rayo, J.D., LL.M.
Rayo Law Offices, Inc., A Professional Corporation
Concord Office & Mailing Address: 2151 Salvio St., Suite 399, Concord, CA 94520
Pleasanton Office: 4417 Railroad Ave., Pleasanton, CA 94566
Sacramento Office: 700 E St., Sacramento, CA 95814
Tel. (925) 288-1889; (916) 668-9606
Fax (925) 288-1890
http://www.avvo.com/attorneys/94520-ca-zachary-rayo-199579.html

CONFIDENTIAL COMMUNICATION: This electronic mail message ("email") and any attachments hereto are intended only for viewing and/or use by the addressee(s) named above and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient(s), this provision shall serve as notice to you that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this email message in error, please immediately notify the sender by replying to this email message.
In accordance with Treasury Regulations Circular 230, we inform you that any tax advice contained in this communication was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any tax-related matter addressed herein.